203 AD2d 938, 938-939), "[o]ne of the factors that should be accorded great weight is whether [the municipality] received actual knowledge of the facts constituting the claim in a timely manner" (*Matter of Canty v. City of New York*, 273 AD2d 467; *see, Kalenda v Buffalo Mun. Hous. Auth.*, 203 AD2d 937). Here, it is undisputed that defendant's Highway Superintendent was Present at the highway barn the day of plaintiff's accident and completed a report detailing the nature and alleged cause of the incident. Thus, defendant received actual notice of the incident immediately after it occurred (*see, Matter of Bollerman v New York City School Constr. Auth.*, 247 AD2d 469, 470). Because defendant had actual knowledge of the essential facts underlying the claim, it did not suffer substantial prejudice as a result of plaintiff's delay in serving a notice of claim (*see, Matter of Canty v City of New York, supra*). (Appeal from Order of Supreme Court, Wayne County, Parenti, J.—Notice of Claim.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.

■ JAMES C. BARBER, Appellant, v RONALD HELWIG et al., Respondents. (Appeal No. 1.) [716 NYS2d 634] —Appeal unanimously dismissed without costs (*see, Smith v Hooker Chem. & Plastics Corp.*, 69 NY2d 1029). (Appeal from Order of Allegany County Court, Nenno, J.—RPAPL.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.

■ JAMES C. BARBER, Appellant-Respondent, v RONALD HELWIG et al., Respondents-Appellants. (Appeal No. 2.) [716 NYS2d 633] —Appeal and cross appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeals from Judgment of Allegany County Court, Nenno, J.—RPAPL.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.

■ AUBURN CONTAINER COMPANY, INC., Appellant, v SOLVAY PAPERBOARD, L.P., Respondent. [715 NYS2d 265] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. The terms of the unambiguous contract between the parties must be afforded their fair and reasonable meanings (*see, Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 9-10), and thus we agree with the court that tertiary fiber was not waste. Because the contract provided for plaintiff to transport waste from defendant's manufacturing facility to a specified landfill, defendant did not breach the exclusivity provision of the contract by contracting with a third party to transport tertiary fiber. (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—